IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DONALD E. THORNTON, JR.,

    Plaintiff,

v.

BLITZ, USA, INC., WAL-MART
STORES, INC.; WAL-MART STORES
EAST, LP; and WAL-MART STORES
EAST, INC.,

    Defendants.

CASE NO.: CV509-003

## ORDER

Defendant Blitz, USA, Inc. ("Blitz") filed a Motion to Exclude Richard Thompson and Charles Vander Kolk from testifying at the trial of this case. Plaintiff filed a Response. Defendant asserts that Dr. Vander Kolk's methodology used to determine Plaintiff was capable of earning $14 to $16 an hour and Thompon's use of this information from Vander Kolk's report in assessing Plaintiff's yearly earning capacity does not comport with Georgia law and would not assist the trier of fact.

Plaintiff alleges that Dr. Vander Kolk's earning capacity determination complied with the standard of proof required under Georgia law to show a diminution of earning capacity.

The standard for admission of expert testimony is as follows:

If scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness

qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Expert testimony is admissible only if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert[1]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Under Daubert, the trial judge acts as a gatekeeper to screen expert testimony for admissibility.

The proponent of an expert's testimony bears the burden of proving admissibility. Graff v. Baja Marine Corp., 210 F. App'x 298, 301 (11th Cir. 2009) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)), and the "admissibility must be shown by a preponderance of the evidence." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Co., Fla., 402 F.3d 1092, 1107 (11th Cir. 2005). "[T]he proponent must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact." Id. In looking at the third prong of the proponent's burden, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1111.

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

2

> The measure of damages [for lost earning capacity] involves numerous considerations, among which are, first, the earnings before the injury, earnings after the injury, probability of increased or decreased earnings in the future, considering the capacity of the injured party, effects of sickness and old age, etc. Recovery for lost earning capacity is an item of special damages which requires some evidence upon which a jury can base with reasonable certainty a finding as to amount of such damages. While proof of the plaintiff's actual earnings, either before or after the injury, is not essential to the establishment of the value of the plaintiff's decreased earning capacity, there must nevertheless appear some evidence, either direct or circumstantial, tending to show what the plaintiff was capable of earning both before and after the injury.

Jones v. O'Day, 303 Ga. App. 159, 161 (2010).

After reviewing the methodology and analysis of Dr. Vander Kolk, this Court finds that his reasoning and methodology are in compliance with Georgia law. Dr. Vander Kolk considered Plaintiff's prior earnings, education level, health before the injury, performance on academic and cognitive testing, job history, fields of interest, and Bureau Labor of Statistics reports in making his decreased earnings capacity assessment. Defendant's Motion to Exclude Expert Testimony of Richard Thompson and Charles Vander Kolk (Doc. No. 144) is **DENIED**.

**SO ORDERED**, this 7th day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)