FILED
U.S. DISTRICT COURT
                DIV.
2010 DEC -7 AM 11:03
CLERK R. Aux
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DONALD E. THORNTON, JR.,

    Plaintiff,

v.

BLITZ, USA, INC., WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; and WAL-MART STORES EAST, INC.,

    Defendants.

CASE NO.: CV509-003

## ORDER

Plaintiff filed a Motion to Exclude Dr. Craig Beyler from testifying at the trial of this case. Defendants filed a Response. Plaintiff asserts that Dr. Beyler is not qualified to offer his opinions on flame arresters and gasoline container design. Plaintiff states that even if Dr. Beyler is qualified, his testimony concerning flame arresters and gasoline aging is unreliable, his testimony about industry standards is false and misleading, and his testimony about the explosion is unreliable.

Blitz alleges that Dr. Beyler is qualified to offer an opinion on flame arresters, that Dr. Beyler has reliable bases for his opinions, that his testimony concerning industry standards is not false and misleading, and that his testimony concerning Plaintiff's injuries is reliable.

The standard for admission of expert testimony is as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Expert testimony is admissible only if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert[1]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. City of Tuscaloosa v. Harcros Chem., Inc., 158 F.3d 548, 562 (11th Cir. 1998). Under Daubert, the trial judge acts as a gatekeeper to screen expert testimony for admissibility.

The proponent of an expert's testimony bears the burden of proving admissibility. Graff v. Baja Marine Corp., 210 F. App'x 298, 301 (11th Cir. 2009) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)), and the "admissibility must be shown by a preponderance of the evidence." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Co., Fla., 402 F.3d 1092, 1107 (11th Cir. 2005). "[T]he proponent must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact." Id. In looking at the third prong of the proponent's burden, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. Proffered expert

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

2

testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1111.

A review of Dr. Beyler's qualifications and proffered testimony indicate that he is qualified to provide expert testimony at the trial of this case. It appears that Plaintiff's objections to the testimony of Dr. Beyler are more appropriately addressed in a cross-examination setting. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. Counsel for Plaintiff will have the opportunity at trial to cross-examine Dr. Beyer. At most, Plaintiff presents an issue of credibility, which is an issue properly before a jury, not to this Court in a pretrial motion. Plaintiff's Motion to Exclude Dr. Craig Beyler (Doc. No. 135) is **DENIED**.

**SO ORDERED**, this 7th day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)