# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| DONALD E. THORNTON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 509-003 |
| | * | |
| BLITZ USA, INC., WAL-MART | * | |
| STORES, INC., WAL-MART STORES | * | |
| EAST, LP, and WAL-MART STORES | * | |
| EAST, INC., | * | |
| | * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Plaintiff Donald E. Thornton's Second Motion for Sanctions and to Strike the Answer of Defendant Blitz USA, Inc. Upon due consideration, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Donald E. Thornton filed this lawsuit, alleging that Defendant Blitz USA manufactured, and Defendant Wal-Mart Stores sold, a defective portable gas container that was unreasonably dangerous due to the absence of a device called a

1

flame arrester. Dkt. No. 1, Ex. A. Plaintiff now files a second motion for sanctions, claiming that (1) Blitz has engaged in an improper "document dump," (2) Blitz is abusing its privilege log to hide unprivileged but highly relevant materials, and (3) Blitz has refused to look for and produce relevant emails. See Dkt. No. 95. As a result of Blitz's conduct during discovery, Plaintiff argues that pursuant to Federal Rule of Civil Procedure 37(c)(1)(C), the Court should sanction Blitz by striking its answer to the complaint and proceeding directly to a jury trial on the issue of damages only. Id.

**DISCUSSION**

*1. Document Dump*

Federal Rule of Civil Procedure 37(c)(1)(C) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), . . . the court . . . may impose [] appropriate sanctions," which includes "striking pleadings in whole or in part."

The parties do not cite any binding case law addressing the propriety of sanctioning a defendant under Rule 37(c)(1)(C) for engaging in an alleged "document dump" by striking its answer and proceeding directly to the issue of damages. The Eleventh Circuit has made clear, however, that such a drastic sanction should only be applied pursuant to Rule 37 in cases where the

defendant has engaged in egregious conduct. See e.g., Rasmussen v. Cent. Fla. Council Boy Scouts of Am., Inc., No. 10-12238, 2011 WL 311680, at *1 (11th Cir. Feb. 2, 2011)("[I]n order to impose the severe sanction of a default judgment, the district court must make a finding of willful or bad faith failure to comply."); In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1306 (11th Cir. 2006)(affirming entry of default judgment against party with a "clear history of bad faith stonewalling" in the case); Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)(upholding district court's decision to strike the defendant's answers and enter a default judgment where the defendant had continuously disregarded discovery orders).

Plaintiff calls for sanctions as a result of (1) the timing and volume of Blitz's document productions, and (2) Blitz's alleged practice of burying relevant documents among irrelevant ones.

*i. Timing and Volume of Productions*

According to Plaintiff, Blitz has produced nearly 260,000 documents since April 2010 in a series of sixteen "supplemental document productions," with approximately 23,000 coming within a month of the close of discovery. See Dkt. No. 95 at 3-4. Clearly, the sheer number of documents, combined with the timing of Blitz's supplemental productions, imposes a substantial

3

burden on Plaintiff. But for the purposes of this motion, Plaintiff fails to show that Blitz has engaged in any wrongdoing. Blitz has explained that faced with numerous "flame arrester" lawsuits, it has, at great expense, produced relevant documents as they have become available for production in what has been referred to elsewhere as a "rolling production" policy. See Dkt. No. at 3-4.

Plaintiff simply fails to demonstrate that Blitz has acted in bad faith. In fact, a federal district court hearing a similar lawsuit against Blitz rejected the plaintiff's motion for sanctions, reasoning that it viewed Blitz's "rolling production" as a "tardy" but "good faith effort to comply with discovery obligations." Calder v. Blitz U.S.A., Inc., No. 2:07-cv-387, 2010 WL 3362674, at *3 (D. Utah Aug. 23, 2010). Although Blitz's document production schedule may not be ideal for Plaintiff[1] — or for that matter, this Court — Blitz's production of documents clearly does not constitute the sort of egregious conduct that justifies the striking of its answer.

### ii. Burying Relevant Documents

---

[1] The Court notes that counsel for Plaintiff made no objection to Blitz's "rolling production" policy at a June 14, 2010, status conference—by which point, Blitz had already made six supplemental productions, pursuant to its "rolling production" policy—and even indicated that Plaintiff preferred to set a trial date for as early as November of 2010. Status Conf. Tr., June 14, 2010.

Plaintiff also claims that Blitz "has scattered" relevant documents among irrelevant ones "with the obvious hope that Plaintiff would either not have the time to review all the materials or such materials might be overlooked during the review process."[2] Dkt. No. 95 at 8. As evidence of Blitz's "obvious" intent, Plaintiff provides a single example of apparently irrelevant employee drug and alcohol policy documents included in one of Blitz's supplemental productions. Id. at 9. Conceding that such documents are irrelevant and improperly produced, Blitz's failure to produce documents with perfection surely does not merit the severe sanction Plaintiff seeks. Plaintiff has come forth with no other evidence of bad faith or abuse of the discovery process.[3]

As a result, the Court finds that striking Blitz's answer and entering a default judgment would not be appropriate at this time.

### 2. Abuse of Privilege Log

---

[2] In a section of his brief entitled "Defendant Blitz has Purposefully Engaged in an Improper 'Document Dump,' " Plaintiff makes a number of broad, unsubstantiated allegations of perjury. See Dkt. No. 95 at 6-7. The Court declines to address these allegations at this time, given that this section of Plaintiff's motion concerns Blitz's alleged "document dump."

[3] Plaintiff also alleges that Blitz's productions "have no organization and are not labeled to respond to categories of Plaintiff's requests." Dkt. No. 95 at 9-10. Plaintiff made the virtually identical claim in a motion to compel on July 16, 2010. See Dkt. No. 82. The magistrate judge dismissed that motion, reasoning that (1) most of the documents could be searched electronically and (2) Blitz had agreed to produce paper copies of any handwritten documents that could not be searched electronically. See Dkt. No. 199. Plaintiff has presented no evidence indicating a need to revisit the magistrate judge's findings.

AO 72A
(Rev. 8/82)

Plaintiff claims that Blitz is abusing its privilege log to hide unprotected but highly relevant materials. Dkt. No. 95 at 10. Plaintiff raised this claim in a motion to compel Blitz "to submit the documents listed on its privilege log to the Court for inspection *in camera*, and compelling Blitz to produce these documents, which Blitz has withheld based upon claims of purported privilege." Dkt. No. 111 at 1. At a hearing on the motion before the magistrate judge, counsel for Plaintiff stated that an *in camera* review of "log number 1563" alone would be sufficient for Plaintiff's purposes. Dkt. No. 197 at 1. The magistrate judge reviewed the documents contained in the relevant entry on Blitz's privilege log and concluded that the documents "are all protected by the attorney-client privilege or the work-product doctrine." Dkt. No. 274 at 2.

The Court declines to rehash Plaintiff's previously rejected claim that Blitz is abusing its privilege log.

*3. Blitz's Alleged Refusal to Search for Relevant Documents*

Plaintiff's final claim in this motion is that Blitz has failed to produce emails that Blitz executives Rocky Flick and Charlie Forbis allegedly used to communicate about a flame arrester project. Dkt. No. 95 at 14. Blitz has repeatedly and convincingly denied that it ever pursued a substantive flame arrester project. See Dkt. No. 74. The deposition testimony

Plaintiff cites does little to cast doubt on Blitz's denial. In one of the depositions Plaintiff cites, Flick states that although he uses email generally, he was not aware of any emails that were associated with a flame arrester project. See Dkt. No. 70, Ex. K at 39. In the second deposition Plaintiff cites, counsel for Plaintiff asks Forbis, "I presume, sir, that you would have communicated on the issue of flame arrestors via email, correct?" to which Forbis responds, "I would assume so, yes." Dkt. No. 70, Ex. P at 52, Ex. Q at 15. But the use of the conditional terms "would have" and "would assume" makes Forbis's deposition testimony ambiguous. It is unclear whether (1) counsel and Forbis are discussing whether Blitz would have communicated via email about a flame arrester project had it hypothetically existed (Blitz claims it did not) or (2) Forbis is admitting that there were actually emails about a project he and his company deny existed. The Court finds that a single ambiguous exchange between Forbis and counsel is an insufficient basis for striking Blitz's answer and proceeding directly to the issue of damages.

Plaintiff's final complaint is that Blitz has not produced "mirror images" of the computer hard drives of Rocky Flick, Charlie, Forbis, Larry Chrisco, Eric Elmburg, Cy Elmburg, or Shannon Abst. Dkt. No. 95 at 14. Blitz, however, has explained that "company emails reside on Blitz's server," such that

copying computer hard drives to look for emails is unnecessary. Blitz further explained that the company server, as well as hard drives, has been adequately searched. Dkt. No. 102 at 19. In the absence of any other allegation of wrongdoing, Blitz's purported failure to produce emails associated with a flame arrester project does not give rise to the severe sanctions Plaintiff seeks.

**CONCLUSION**

For the reasons stated, Plaintiff's Second Motion for Sanctions and to Strike the Answer of Defendant Blitz U.S.A., Inc., is **DENIED**.

**SO ORDERED**, this 24th day of March, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)